UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **PETER KILCHENSTEIN,** | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. EA-24-3070 |
| **UNITED STATES OF AMERICA,** | * | |
| Defendant. | * | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Peter Kilchenstein initiated the above-captioned action on October 22, 2024, in which he asserts a negligence claim against the United States Postal Service (USPS) pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 *et seq.* ECF No. 1. Pending before the Court is Mr. Kilchenstein's September 5, 2025 motion for leave to file an amended complaint, which seeks to increase his request for damages from $510,000 to $1,000,000. ECF No. 21 at 1.[1] The motion is fully briefed, and no hearing is necessary. ECF No. 22; Local Rule 105.6 (D. Md. Dec. 1, 2025).[2] For the reasons set forth below, the motion is denied.

**I.   BACKGROUND**

This case arises from an automobile collision that occurred on April 27, 2023, involving a USPS vehicle and a vehicle in which Mr. Kilchenstein was a passenger. ECF No. 1 ¶ 6. Mr. Kilchenstein alleges that the USPS employee operating the USPS vehicle negligently failed to keep proper control of the vehicle, failed to look out for other vehicles, failed to yield the right of

---

[1] Page numbers refer to the pagination of the Court's Case Management/Electronic Case Files system (CM/ECF) printed at the top of the cited document, except that page numbers of exhibits that are deposition transcripts refer to the page and line number of the deposition transcript.

[2] Mr. Kilchenstein elected not to file a reply and the time for doing so has elapsed. Local Rule 105.2(a) (D. Md. Dec. 1, 2025).

way, and changed lanes when it was unsafe to do so, all of which proximately caused a collision with the vehicle in which Mr. Kilchenstein was a passenger. *Id.* at ¶ 8. Mr. Kilchenstein avers that on September 15, 2023, he filed an administrative claim with the USPS pursuant to 28 C.F.R. § 14.2 in which he sought $510,000 in damages. ECF No. 1 ¶ 3; ECF No. 21 ¶ 1. Mr. Kilchenstein contends that the USPS did not enter a final disposition of his claim within six months of the filing and therefore his claim is deemed to have been denied. ECF No. 1 ¶ 3; 28 U.S.C. § 2675(a). Having exhausted his administrative remedies, Mr. Kilchenstein initiated this action seeking $510,000 in damages for "great pain and injury, mental anguish, and . . . medical expenses." ECF No. 1 ¶¶ 3, 9.

In his answers to interrogatories, Mr. Kilchenstein asserted that he "resigned from his job and took an earlier-than-expected retirement on May 3, 2025, due to being required to return to work in-office work five days a week and having to drive past the crash site." ECF No. 22-1 at 2. Mr. Kilchenstein further stated that he "made this decision because of the anxiety he now experiences while driving and the discomfort associated with long-distance travel." *Id.* Mr. Kilchenstein contends that he "was forced to retire five years earlier than planned," which "has caused significant financial strain on [him] and his family." *Id.*

In his deposition, Mr. Kilchenstein testified that he "took the deferred resignation offer." ECF No. 22-2 at 11:20. He also testified that his decision to resign was based on multiple factors, including "spending an hour-plus in the vehicle each way" and "the only way to get to my workplace was to pass the accident scene," which he "tr[ies] to avoid . . . if at all possible." *Id.* at 45:9–10, 15–17. Mr. Kilchenstein further testified that he has not sought psychiatric or psychological treatment. *Id.* at 45:22–24. Mr. Kilchenstein did not apply for a reasonable accommodation when the "return-to-work mandate came out." *Id.* at 60:3–10.

**II.     DISCUSSION**

Mr. Kilchenstein moves for leave to file an amended complaint to increase his request for damages from $510,000 to $1,000,000.  ECF No. 21 ¶ 4.  In support of his motion, Mr. Kilchenstein contends that good cause to amend his complaint exists because he "could not foresee that he would be forced into an early retirement over two years after the filing of his Notice of Claim," and early retirement caused him to incur an additional $913,772 in damages.  *Id*. at ¶ 12.  USPS argues that Mr. Kilchenstein "has not satisfied his burden of demonstrating newly discovered evidence to support the nearly doubling" of his claim, and contends that Mr. Kilchenstein "voluntarily elected to retire early from the federal government."  ECF No. 22 ¶¶ 7–8.

"Under settled principles of sovereign immunity, the United States, as sovereign, is immune from suit, save as it consents to be sued."  *United States* v. *Dalm*, 494 U.S. 596, 608 (1990) (internal quotation marks and citation omitted); *Webb* v. *United States*, 66 F.3d 691, 693 (4th Cir. 1995).  A sovereign immunity waiver "must be unequivocally expressed in statutory text" and it will "be strictly construed, in terms of its scope, in favor of the sovereign."  *Lane* v. *Pena*, 518 U.S. 187, 192 (1996); *Welch* v. *United States*, 409 F.3d 646, 650-651 (4th Cir. 2005). Accordingly, any ambiguities must be construed in favor of immunity and exceptions to the conditions upon which the United States consents to be sued will not be implied.  *United States* v. *Williams*, 514 U.S. 527, 531 (1995); *Lehman* v. *Nakshian*, 453 U.S. 156, 161 (1981).

Mr. Kilchenstein's claim arises under the FTCA, which provides, in pertinent part, that the "United States shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances."  28 U.S.C. § 2674.  The "FTCA effects a limited waiver of the United States' sovereign immunity for 'personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of

his office or employment.'" *Welch*, 409 F.3d at 651 (quoting 28 U.S.C. § 1346(b)(1)). The United States cannot "be sued in tort except as permitted by the FTCA." *Hart* v. *Casey*, Civil Action No. GJH-22-1216, 2022 WL 17989577, at *2 (D. Md. Dec. 28, 2022).

Damages in a suit brought under the FTCA "are generally limited to the amount of the administrative claim." *Spivey* v. *United States*, 912 F.2d 80, 83 (4th Cir. 1990); *see also Morales* v. *United States Postal Serv.*, Civil Action No. LKG-24-2906, 2025 WL 3170845, at *5 (D. Md. Nov. 13, 2025). Mr. Kilchenstein seeks to amend his FTCA claim to increase the amount of damages. The amendment of pleadings is ordinarily governed by Federal Rule of Civil Procedure 15. Section 2675 of the FTCA, however, imposes independent requirements for amending the pleadings. The relevant subsection provides that:

> [An] [a]ction under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

28 U.S.C. § 2675(b); *see also Chang-Williams* v. *United States*, Civil Action No. DKC 10-783, 2011 WL 2680714, at *4 (D. Md. July 7, 2011) (explaining that "it would be a mistake to substitute the 'liberal pleading requirements' of Rule 15(a) for the 'narrower' requirement found in the FTCA"). It is the plaintiff's burden to show that one of these exceptions applies. *Id.* at *2.

Section 2675(b) is "part of a broader scheme that waives some degree of the government's sovereign immunity," and this waiver "must be narrowly construed." *Id.* at *3 (citing *Welch*, 409 F.3d at 650-651). The case law outlining what constitutes "newly discovered evidence" or "intervening facts" is largely comprised of the unforeseeable extent and impact of medical diagnoses. *E.g., Adkins* v. *United States*, 990 F. Supp. 2d 621, 627-628 (S.D. W. Va. 2014) (finding that new evidence supported increased damages where an infant who suffered a stroke was diagnosed with Global Developmental Delay after filing of the administrative claim);

4

*Murphy v. United States,* 833 F. Supp. 1199, 1203-1204 (E.D. Va. 1993) (concluding that an award above the amount in the plaintiff's administrative claim was justified because she did not know that the recurrence of seizures would be a permanent condition for the rest of her life until after the claim was filed); *Spivey*, 912 F.2d at 85-86 (finding that even though the possible side effects of a drug the plaintiff was taking were known at the time of her administrative claim, the fact that she did not exhibit those side effects until after the claim was filed constituted "newly discovered evidence").

     Mr. Kilchenstein has not presented any evidence of a new or worsening injury or diagnosis that supports the contention that he was "forced to accept an early retirement offer due to work complications caused by the injuries, pain, and suffering sustained in the car crash." ECF No. 21 ¶ 5; *see also Adkins*, 990 F. Supp. 2d at 624 ("[W]hen determining if § 2675(b) is met, the Court should focus on when the claimant first develops symptoms of his or her condition, not when there is the first possibility that the condition could arise."). Unlike in *Adkins*, *Murphy*, or *Spivey*, Mr. Kilchenstein does not proffer that a symptom or condition related to the accident has changed or worsened, but rather, he argues he "took the deferred resignation offer" because of the "anxiety he now experiences while driving and the discomfort associated with long-distance travel." ECF Nos. 22-1 at 2; 22-2 at 11:20. Yet, in the two years since the accident, Mr. Kilchenstein has not sought any psychiatric or psychological treatment to address the "anxiety and discomfort" he allegedly experiences. ECF No. 22-2 at 45:22–24. Mr. Kilchenstein's allegations that his early retirement was "forced" or due to his injuries sustained in the accident at issue are inadequately supported. As USPS notes, Mr. Kilchenstein contemplated early retirement after his employer issued a "return-to-work mandate" that would require him to work at his office five days a week instead of working remotely. This change in circumstance does not align with Section 2675(b)'s criteria for allowing an increased claim for

damages. Exceptions to Section 2675(b) "must be narrowly construed," *Chang-Williams*, 2011 WL 2680714, at *3, and Mr. Kilchenstein does not cite to any case law in support of his position. In sum, Mr. Kilchenstein has not carried his burden to show that one of the exceptions to Section 2675(b) applies.

### III.    CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Mr. Kilchenstein's motion to amend (ECF No. 21) is DENIED.

Date: December 23, 2025                             /s/
                                                                Erin Aslan
                                                                United States Magistrate Judge